## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| JOSE MALDONADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. |
| | ) |
| KROGER FULFILLMENT | ) |
| NETWORK LLC, | ) |
| | ) |
| Defendant. | ) |
|  |  |

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, KROGER FULFILLMENT NETWORK LLC (hereinafter "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby petitions this Court to remove this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, where the action is now pending under Case No. 16-2025-CA-000652, to the United States District Court for the Middle District of Florida, Jacksonville Division. Removal of this action is based upon the following:

1.      On February 5, 2025, Plaintiff, Jose Maldonado ("Plaintiff"), filed an action in the Circuit Court of the Fourth Circuit in and for Duval County, Florida, captioned "*Jose Maldonado v. Kroger Fulfillment Network LLC,*" Case No. 16-2025-CA-000652 (hereinafter the "Circuit Court Case"). Attached as **Exhibit A** hereto is a true and correct copy of the Complaint served upon Defendant.

2.      Defendant was served with the Complaint on February 11, 2025. Therefore, this Notice has been filed within 30 days after service upon Defendant of the pleading setting forth the claims for relief upon which this removal is based as required by 28 U.S.C. § 1446(b).

**3.**      Plaintiff's Complaint alleges unlawful retaliation in violation of Florida's Private Whistleblower Act, Section 448.102 of the Florida Statutes. **Exhibit A.**

4.      The diversity jurisdiction requirements in 28 U.S.C. § 1332(a) are met in this case because: (1) Plaintiff resides in Florida and performed his work for Defendant in Duval County; (2) Defendant is not a corporate citizen of Florida; and (3) the amount in controversy exceeds $75,000.

5.      This Court's Jacksonville Division includes the location in which Plaintiff was employed—Duval County, Florida—and encompasses the judicial district in which Plaintiff filed his Complaint. Removal to this Court is, therefore, proper pursuant to 28 U.S.C. § 1441(a).

6.      As required, copies of all process, pleadings, and orders currently on file with the state court are attached to this notice of removal, as **Exhibit B**. *See* 28 U.S.C. § 1446(a) and Local Rule 1.06. Defendant has neither served any answer or responsive pleading to the Complaint, nor made any argument before the Circuit

Court. By submitting this petition for removal, Defendant does not waive or release any rights, remedies or defenses.

7.      Defendant is also providing written notice of the removal to all adverse parties in this action—here, only Plaintiff—and is filing a copy of this Notice in the Circuit Court Case. 28 U.S.C. § 1446(d).

## I.    REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION BECAUSE PLAINTIFF IS A CITIZEN OF FLORIDA AND DEFENDANT IS A CITIZEN OF OHIO, AND BECAUSE THE MATTER IN CONTROVERSY IS IN EXCESS OF $75,000.

Removal is proper based upon diversity jurisdiction. Pursuant to Section 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States." 28 U.S.C. § 1332(a).

### A. Complete Diversity of Citizenship Exists.

#### 1. Plaintiff is a Citizen of the State of Florida.

An individual is a citizen of the state in which he or she is domiciled; a citizen's domicile is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, Case No. 6:18-cv-554-Orl-37DCI, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. July 2, 2018) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)). While state residency creates a presumption, it alone is insufficient to establish a domicile. *See*

3

*id.* As such, courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation. *See id.* at *6.

Here, Plaintiff's Complaint alleges that, "[a]t all times relevant to this lawsuit, [Plaintiff] was employed by the defendant and performed his assigned duties *in Duval County*, Florida." **Ex. A**, ¶ 8 (emphasis added). Plaintiff is and has been a citizen of Florida, for the purposes of removal. *See Grant v. Pottinger-Givson*, Case No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, at *7 (S.D. Fla. 2017) (finding diversity, despite "minimal" showing of domicile and citizenship, absent "countervailing factors"). Based on review of public records[1], Plaintiff has resided in Duval County, Florida and has had significant ties to Florida long before he worked for Defendant through the date of this removal. In April 2004, Plaintiff purchased real property located at 1355 Haden Lane, Jacksonville, Florida 32218. A true and correct copy of the warranty deed is attached as **Exhibit C**. Plaintiff uses the same address for his Florida voter's registration. A true and correct copy of the Florida Department of State voter records for Plaintiff is attached as **Exhibit D.** Plaintiff provided the same Florida address in his June 2, 2022 application to

---

[1] Courts can take judicial notice where the fact in question is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(b); *See also Chinn v. PNC Bank, N.A.*, 451 Fed. Appx. 859, 860 n.1 (11th Cir. 2012) (noting that a district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot be questioned, including public records).

Defendant. A true and correct copy of an excerpt of Plaintiff's Application is attached as **Exhibit E.** Even more, Plaintiff uses the same Florida address to serve as the principal and mailing address for a Florida limited liability company which lists Plaintiff as the registered agent. A true and correct copy of the Florida Division of Corporations listing for "Jomals Consulting Group LLC" is attached as **Exhibit F.** Defendant has no information to suggest that Plaintiff does not intend to remain in the state. To the contrary, by filing his action against Defendant in Duval County, Florida, Plaintiff further evidences his intent to continue to avail himself of the rights and benefits available to Florida citizens.

> ### 2. Defendant is a Citizen of Ohio because Defendant's Sole Member, The Kroger Co., is an Ohio Corporation with its Principal Place of Business in Ohio.

Defendant is a citizen of Ohio and is not a citizen of Florida. Defendant is a limited liability company whose sole member is The Kroger Co., a corporation incorporated in, and with its principal place of business in, Ohio. *See* Declaration of Dory Roberts ("Roberts Decl.") **Exhibit G,** ¶ 2.

A limited liability company is a citizen of every state in which any member is a citizen. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. Mar. 20, 2017). Under Section 1332(c)(1), a corporation is a "citizen" both of every State within which it is incorporated <u>and</u> the State of its "principal place of business." 28 U.S.C. § 1332(c)(1).

To determine a corporation's principal place of business, the Supreme Court's "nerve center test" applies. *Motyl v. Franklin Templeton Cos., LLC*, No. 13-60967-CIV, 2014 U.S. Dist. LEXIS 50445, at *4 (S.D. Fla. Apr. 11, 2014). Under the test, this is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*, at 5 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192 (2010).) Practically, this usually means a corporation's headquarters. *See Motyl*, 2014 U.S. Dist. LEXIS 50445, at *5.

Here, The Kroger Co., the sole member of Defendant, is exclusively a citizen of Ohio and not a citizen of Florida. The Kroger Co. is incorporated in Ohio and its principal place of business is in Ohio as that is where its corporate headquarters—its "nerve center"—is located. **Exhibit G, ¶** 2. Thus, The Kroger Co., is only a citizen of Ohio, and not of Florida, and consequently, Defendant is only a citizen of Ohio and not of Florida. Complete diversity therefore exists between the parties: Plaintiff is a citizen of Florida; Defendant is a citizen of Ohio.

### B. The amount in controversy exceeds $75,000[2]

If diversity of citizenship exists, as it does here, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Although Defendant

---

[2] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not to exceed the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever, and expressly denies same.

denies that Plaintiff is entitled to any relief at all, Plaintiff's allegations satisfy the excess of $75,000 jurisdictional amount-in-controversy requirement.

A defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). If a plaintiff challenges jurisdiction, a removing defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply must show, by a preponderance of the evidence, that the threshold is satisfied. *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 U.S. Dist. LEXIS 65963, at *3-4 (M.D. Fla.  May 1, 2017) (denying plaintiff's motion to remand); *see also Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (finding that where the complaint is silent as to the amount of damages claimed, the removing defendant need only establish by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied).

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, Case No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common

sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka,* 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan,* 2014 U.S. Dist. LEXIS 95412, at *7-8.

As Judge Howard pointed out in *Cowan,* "recent Eleventh Circuit opinions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Id.* at *13. However, it is improper for the court to inquire into the amount of damages a plaintiff is likely to receive on the merits. *McDaniel v. Fifth Third Bank,* 568 F. App'x 729, 731 (11th Cir. Jun. 5, 2014). Rather, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the

amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *Id*. at 730. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *Id*. at 731 (emphasis added).

Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, and any other damages permitted by law. **Ex. A**, p.1. Plaintiff states this "is an action for damages exceeding $50,000.00, exclusive of attorneys' fees, interest, and costs." **Ex. A**, p.2. In addition, a prevailing party under Florida's Whistleblower Act may be awarded attorneys' fees.

### 1. Back Pay and Front Pay

Plaintiff seeks damages including back pay and front pay against Defendant. Pursuant to Fla. Stat. § 448.103(2), successful plaintiffs in Florida Private Whistleblower Act ("FPWA") actions are entitled to lost wages, benefits and other remuneration. *Thompson v. Target Corp.*, 861 F. App'x 325, 328 (11th Cir. 2021). For purposes of estimating the amount in controversy, the potential back pay award is calculated from the date of the adverse employment action until the proposed trial date, less the plaintiff's mitigated damages, if any. *Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067, 2004 U.S. Dist. LEXIS 6735, at *4 n.3 (S.D. Fla. Feb. 17, 2004); *Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197-T-30-MAP,

2010 WL 4659399, at *1-2 (M.D. Fla. Nov. 9, 2010); *Cunningham Lindsey*, 2005 U.S. Dist. LEXIS 38862, at *9-10. Courts have included one year of front pay in their calculations of amounts in controversy. *See Cunningham Lindsey,* 2005 U.S. Dist. LEXIS 38862, at *14-15 (adding the value of one year of front pay, including mitigation, to the amount in controversy); *see also Penalver v. Northern Elec., Inc.,* No. 12-80188-civ-COHN/SELTZER; 2012 U.S. Dist. LEXIS 53662 *6-7 (S.D. Fla. Apr. 17, 2012) (listing front and back pay calculations for one and two-year periods).

Plaintiff was employed by Defendant from December 2021 through May 2024. **Ex. A**, ¶9. Plaintiff was a Transportation Supervisor. *Id*. Plaintiff's annual salary was approximately $60,219.75 at the time of his termination.  **Exhibit H,** Declaration of Beth Robinson ("Robinson Dec.") Decl. ¶ 5.  If this case proceeds to trial two years from the date the Complaint was filed (February 2027), Plaintiff's back pay from May 2024 through trial in February 2027  (approximately 142 weeks), would total **$164,446.24** without pre- and post-judgment interest ([$60,219.75/52 weeks= $1,158.07 per week * 142 weeks). Including twelve months of front pay, the total would increase to **$224,665.99** ([164,446.24] + [$60,219.75]). Thus, the amount in controversy is easily satisfied on alleged back and front pay alone.

### 2. Compensatory Damages

Plaintiff also seeks compensatory damages for "humiliation, pain and suffering" which may be recoverable under the FPWA. Fla. Stat. § 448.103(2); **Ex. A**, ¶42.

Evidence of claimed compensatory damages can be considered when determining whether an amount in controversy exceeds $75,000. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1357 (S.D. Fla 1998). For the purposes of evaluating potential emotional distress damages to determine the amount in controversy, courts have looked to "decisions in comparable cases to determine whether the amount in controversy requirement is met." *Risk v. JetBlue Airways Corp.*, No. 16-CIV-62317, 2017 U.S. Dist. LEXIS 62542, at *6 (S.D. Fla. Apr. 24, 2017) (*citing Gavronsky v. Walgreen Co.*, No. 09-cv-1167, 2010 U.S. Dist. LEXIS 24008, at *7 (M.D. Fla. Feb. 26, 2010)).

Courts have observed that in determining the propriety of removal, an award of compensatory damages "could easily match the amount of economic damages." *Barnes v. Jetblue Airways Corp.*, No. 07-60441-CIV-COHN, 2007 U.S. Dist. LEXIS 33276, at *5 (S.D. Fla. May 7, 2007) (finding that the $75,000 jurisdictional amount was satisfied for diversity purposes based, in part, on plaintiff's claim for compensatory damages which the court determined could easily match the amount of economic damages).  Consequently, because Plaintiff could receive

approximately $224,665.99 in back and front pay, by awarding an equal amount in compensatory damages, the amount in controversy would equal approximately $449,331.98.

Based on the fact that Plaintiff seeks compensatory damages, the amount in controversy is, again, easily satisfied, notwithstanding any other amounts that could be recovered by Plaintiff. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (stating that the Eleventh Circuit "permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted).

### 3. Attorney's Fees

Plaintiff also seeks recovery for his costs and fees. **Ex. A**, ¶ 1 and WHEREFORE Clause. "When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Brown v. Cunningham Lindsey U.S.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *13 (M.D. Fla. May 11, 2005) (citing *Morrison v. Allstate Indem. Co*, 288 F.3d 1255, 1265 (11th Cir. 2000)).

Here, Plaintiff's counsel could be expected to expend 200 to 300 hours prosecuting this case, which would include an estimated week of depositions of multiple witnesses, drafting and responding to discovery, briefing dispositive

motions, and preparing for and attending a 3-to-5-day trial. *See Joseph v. Publix Super Markets, Inc.*, 00-cv-7327-CIV-MIDDLEBROOKS/JOHNSON, 2004 U.S. Dist. LEXIS 30889, at \*15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a federal discrimination claims case based upon 1,023 hours of attorneys' billable time).

Further, courts have also found that $400 per hour is a reasonable hourly rate for plaintiffs' attorneys in similar cases. *See e.g., Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 U.S. Dist. LEXIS 139072, at \*17 (M.D. Fla. Aug. 4, 2022) (awarding $400 per hour to counsel in an employment case with 15 years of experience). Counsel for Plaintiff has been admitted to practice law in the State of Florida for nearly fifteen years, so $400 is a reasonable rate. *See e.g., Brown v. Rest. at Hollybrook LLC*, No. 0:23-CV-62182-AUGUSTIN-BIRCH, 2024 U.S. Dist. LEXIS 47240, at \*2 (S.D. Fla. Mar. 18, 2024) (approving attorney's fees to be paid in FLSA settlement agreement wherein Plaintiff's own counsel, Mr. Storch, submitted a fee ledger evidencing a $450 hourly rate).

Following these precedents, Plaintiff's claims for attorney's fees could easily exceed $120,000.00 ($400 hourly rate * 300 billable hours), which when combined with Plaintiff's claims for back pay, front pay and compensatory damages, easily surpasses the amount in controversy requirement.

### 4. Plaintiff's Own Valuation of His Claim Exceeds $75,000

Additionally, contemporaneous with the filing of the Complaint, Plaintiff filed a Civil Cover Sheet as required by Fla. Stat. § 25.075. *See* the Civil Cover Sheet in the State Court Action record filed with this Notice of Removal. While not dispositive of the actual valuation of Plaintiff's claims, pursuant to Section II of the Civil Cover Sheet, Plaintiff alleges that the estimated amount of his claim is "$75,001-$100,000." Plaintiff's counsel, as an officer of the court, certified that the information provided in the Civil Cover Sheet was "accurate to the best of [his] knowledge and belief." While it is true that the Civil Cover Sheet is not, standing alone, dispositive of whether the controversy requirement has been met, when coupled with additional support, it is reasonable to infer from the Civil Cover Sheet that the jurisdictional minimum has been reached when so expressly claimed by Plaintiff. *See Martinez-Lopez v. Bowden*, No. 3:23-cv-736-TJC-LLL, 2024 U.S. Dist. LEXIS 52063, at *8 (M.D. Fla. Mar. 25, 2024) (collecting cases discussing materiality of civil cover sheet and finding that a removing defendant must point to some "additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy.") Here, Defendant has demonstrated sufficient additional support such that, when coupled with the Civil Cover Sheet, it is evident the amount in controversy exceeds $75,000.00.

As such, Plaintiff's demand for damages has placed the amount in controversy well beyond the $75,000.00 jurisdictional threshold.

WHEREFORE, KROGER FULFILLMENT NETWORK LLC, respectfully removes this State Court Action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, and respectfully requests that this Court take jurisdiction to the exclusion of any further proceedings in Florida's state courts, and for such further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 3rd day of March, 2025.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By:    /s/Justin W. McConnell
      Justin W. McConnell
      Florida Bar No.: 112631
      justin.mcconnell@jacksonlewis.com

      Jacqueline M. Gardner
      Florida Bar No. 1032521
      jacqueline.gardner@jacksonlewis.com

      Robert D. Shank, OH Bar No. 0069229*
      (*Pro Hac Vice Pending*)
      Blythe C. McGregor, OH Bar No.
      0101042*
      (*Pro Hac Vice Pending*)
      Jackson Lewis, P.C.
      PNC Center, 26th Floor
      Cincinnati, OH 45202
      (513) 898-0050
      Robert.shank@jacksonlewis.com
      Blythe.mcgregor@jacksonlewis.com

Attorneys for Defendant

[CERTIFICATE OF SERVICE ON THE NEXT PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and a copy emailed to Noah E. Storch, Esq., at noah@floridaovertimelawyer.com, and Andres Kroboth, Esq., at andres@floridaovertimelawyer.com, Richard Celler Legal, P.A., 7951 SW 6th Street, Suite 316, Plantation, FL 33324, Attorneys for Plaintiff.

/s/ *Justin W. McConnell*
Justin W. McConnell